IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN RE: | Case No. 15-32589 |
| Gary L. Rogolsky<br>Sueann M. Rogolsky | Judge Gustafson |
| | **CHAPTER 13 PLAN** |
| Debtors | Louis S. Kovacs (0040489)<br>Gallon, Takacs, Boissoneault & Schaffer Co., LPA<br>P.O. Box 352018<br>Toledo, OH 43635-2018<br>(419) 843-2001<br>Attorney for Debtors |

**YOUR RIGHTS WILL BE AFFECTED**. You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provision of this plan must file with the court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely objection is filed. **Creditors must file a proof of claim with the court in order to receive distributions under this plan.**

**ORDER OF DISTRIBUTION**
After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for; (iv) priority domestic support obligation claims pursuant to 11 U.S.C.507(a)(1); (v) other priority unsecured claims pursuant to 1 U.S.C. 507(a); and (vi) general unsecured claim. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may pay secured creditor claims on a pro-rata basis. Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court otherwise orders, distributions on account of claims will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan.

**Debtors propose monthly payments of $200.00 per month for 60 months. In addition, all future tax refunds for the next 5 year will be paid into the plan. Payments under the plan shall be disbursed as follows:**

1. Priority Claims:

All administrative fees and attorney fees shall be paid through the plan, with priority. After payment of administrative fees and attorney fees, all priority tax claims will be paid through the Plan at 100%, with priority, pro rata.

2. Secured Claims:

The following secured creditors to be paid outside of the Plan by Debtors:
Directions Credit Union normal monthly lease payment for the 2013 Jeep Wrangler

CLAIMS SECURED BY REAL PROPERTY - Mortgage and Real Estate Tax Arrearages
Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages. Trustee will pay interest on the mortgage arrearage if the proof of claim provides for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest. Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| Lucas County Treasurer | 2806 Warsaw St. Toledo, Ohio | 0.00 | 0.00 |

EXECUTORY CONTRACTS AND UNEXPIRED LEASES
All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages. Debtor shall pay all post-petition payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Description | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| Directions Credit Union | 2013 Jeep Wrangler | $0.00 | 0.00 |

DOMESTIC SUPPORT OBLIGATIONS
Debtors do not have a domestic support obligations pursuant to 11 U.S.C. 101(14A).

3. Unsecured Creditors:

**Debtors estimate the total of the non-priority unsecured debt to be $27,008.94. Trustee will pay to creditors with allowed non-priority unsecured claims at 39%.**

4. All taxes, if any are due, shall be paid first through the plan before the unsecured creditors.

OTHER PLAN PROVISIONS

During this Chapter 13 case, the Debtors may attempt to enter into loss mitigation negotiations with their mortgage lender. This may result in an agreed modification to the Debtors mortgage.

(a) Property of the estate shall revest in the Debtor upon confirmation, upon discharge or dismissal or completion. If the Debtor has not marked one of the boxes, property of the estate shall revest in the Debtor upon confirmation. If the Debtor has elected to have property of the estate revest in the Debtor upon discharge or dismissal, the Debtor must maintain adequate insurance of all property in the estate. Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case.

(b) The treatment of the claims of creditors as set forth in this plan shall become absolute upon confirmation, pursuant to 11 U.S.C.1327. Therefore, if a creditor or contract party named herein objects to this plan, including the valuation of security, interest to be paid, and the treatment of executory contracts and unexpired leases, a formal objection to confirmation must be timely filed with the court.

(c) This plan incorporates 11 U.S.C.1325(a)(b)(B)(i) with respect to each allowed secured claim provided for by this plan.

(d) Notwithstanding the automatic stay, creditors and lessors provided for in this plan may continue to mail customary notices or coupons to the Debtor. All creditors having mortgages on debtors real estate shall recommence normal correspondence regarding the mortgage with the debtor as was their normal business practice prior to the commencement of this case, including the issuance of coupon books and/or monthly statements, yearly escrow analysis, 1099's, and any and all other correspondence that would issue in ordinary course of business.

(e) Debtor shall not transfer any interest in real property or incur additional debt exceeding $1,000 in the aggregate without prior notice to the Trustee and without first obtaining the approval of the court as stated in applicable Administrative Orders. Failure to comply with the provisions of this paragraph may lead to the dismissal of this case or the conversion of this case to Chapter 7.

/s/Gary L. Rogolsky
Debtor

/s/Sueann M. Rogolsky
Debtor